*E-FILED 12/4/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY E. LEINEN, | No. C07-03274 HRL |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |
| v. | |
| DEBRA V. CRAWFORD, | |
| Defendant. | |

Pro se plaintiff Henry E. Leinen filed this action for damages under 42 U.S.C. § 1983 against Debra V. Crawford for alleged violation of his constitutional rights.[1] The allegations of the complaint suggest that plaintiff's grievance arises from events that took place in family law proceedings in California state court and that Crawford is or was an attorney in those proceedings. In essence, plaintiff contends that Crawford violated his Fifth and Fourteenth Amendment rights because she negligently failed to give him notice of a temporary restraining order (TRO), allegedly resulting in his inability to obtain employment as a park ranger with the County of Monterey. Plaintiff also claims that defendant defamed him in open court.

**A.   Failure to Prosecute**

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff was to have effected service of the complaint and summons by October 19, 2007. He did not do so. He appeared on

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, plaintiff has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

October 23, 2007 for a case management conference and explained that he had hired a professional process server and had confidence that service would be completed promptly, certainly within a few weeks. Accordingly, he was given an extension of time to November 20, 2007 to complete service. To date, the court's docket indicates that defendant has not been served.[2] And, plaintiff failed to appear at the rescheduled case management conference on December 4, 2007, submitted nothing in writing, and did not even telephone the court to explain his absence or his intentions.

**B.      Failure to State a Claim for Relief**

In any event, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987). Here, the allegations of the complaint indicate that defendant is a private individual. Attorneys in private practice are not state actors. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Moreover, services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law and, consequently, cannot be challenged in a § 1983 lawsuit. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("private parties are not generally acting under color of state law, and we have stated that conclusionary allegations unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act."); Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").

---

[2]      Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (concluding that magistrate judge had jurisdiction to dismiss a prison inmate's action under 42 U.S.C. § 1983 as frivolous without the defendants' consent because they had not been served and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that the magistrate judge had jurisdiction to enter default judgment in an *in rem* forfeiture action even though the property owner had not consented because the property owner failed to comply with applicable filing requirements and was not a party from whom consent was required).

In this case, the complaint alleges no facts to support a claim that defendant was acting under color of state law. Nor is it apparent to this court that the deficiency may be cured by amendment. Thus, the complaint does not appear to state a claim for relief under 42 U.S.C. § 1983 – the only apparent basis for this court's jurisdiction.

**C.     Order to Show Cause**

Based on the foregoing, IT IS ORDERED THAT no later than **January 4, 2008**, plaintiff shall file a written response to this show cause order, explaining (a) why this action should not be dismissed for his failure to prosecute and (b) why his complaint actually does (or can properly be amended to) state a claim for relief. If the court does not hear from plaintiff by then, the action will be dismissed.

Unless otherwise ordered by the court, the matter will be deemed submitted without oral argument.

Dated:   December 4, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **5:07-cv-3274 Notice mailed to:**

2  Henry E. Leinen
   P.O. Box EE
3  Pacific Grove, CA 93950-0289

4        Plaintiff (Pro Se)

United States District Court
For the Northern District of California