```
Henry E. Leinen                )
PO Box EE                      )
Pacific Grove, CA 93950-0289   )
(831)655-1948                  )
       Plaintiff, In Pro Se    )
                               )   Case Number: C07 03274HRL
VS.                            )
                               )
Debra V. Crawford, Esq.        )
PO Box 373                     )
Carmel, CA 93921-0373          )
       Defendant               )
```

FILED

2007 DEC 26 P 3:01

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

United States District Court
Northern District of California
280 South First St.
San Jose CA 95101

Response to Order to Show Cause

**RESPONSE**

**A.** This action should not be dismissed for Failure to Prosecute as Plaintiff is still attempting service of process through the Monterey County Sheriffs Department (EX 1). Previously a professional process server, Sayler Legal Service made five (5) unsuccessful attempts to serve Defendant (EX 2). Plaintiff was sick with an Upper Respiratory Infection that has caused laryngitis, preventing him from speaking and attending court.

**B.** This action should not be dismissed for failure to state a claim for several reasons; (a) In addition to protection against deprivations of *procedural* due process; the Due Process Clause has two *substantive* components--the substantive due process simpliciter, and incorporated substantive due process. In order to state a claim for a violation of the substantive due process simpliciter, the plaintiff must demonstrate that the defendant

engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense." Here, the defendant filed with the state court *Ex parte* a seizure of plaintiff's property that required notice. Under state statutes or rules of court identical or similar to the federal rule, an applicant seeking a temporary restraining order is required to notify the adverse party of his or her intention to obtain the order before applying or to indicate in the application why notice should not be given or what efforts he or she made to give the notice, see John W. Fisk Co., Div. of Fisk Corp. v. Michel, 709 So. 2d 1061 (La. Ct. App. 4th Cir. 1998). Doyle v. Schultz, 97 F.Supp.2d 763 W.D.La. 2000, "A lawyer may be a state actor, for purposes of § 1983 claim, if he employs the state to enforce or execute a state-provided procedure." In the instant case, defendant a licensed attorney maliciously engaged in such conduct when she failed to comport to the California rules of civil procedure (CRCP) by not having the Temporary Restraining order (TRO) served upon Plaintiff. Notice is required under (CRCP) and could have been affected by mail or other means. Defendant then renewed the TRO on three occasions again without attempting service or notice, thus disqualifying Plaintiff to begin a second career with the County of Monterey. (b) A private lawyer may also act under color of state law under certain circumstances, U. S. General, Inc. v. Schroeder, 400 F. Supp.

713 (E.D. Wis. 1975) the court held that the defendant attorney acted willfully and wantonly in bringing, prosecuting and refusing to dismiss a patently unconstitutional garnishment action against plaintiff stated cause of action against the attorney under the Civil Rights Act. The attorney's Motion to dismiss denied; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 The Court held that a private judgment creditor or attorney who effects an attachment by invoking these procedures without predeprivation notice or hearing acts under color of law and may be held liable under § 1983. *Id.* at 1267.; Doyle v. Schultz, 97 F.Supp.2d 763 W.D.La.,2000, Judgment debtors' brought action against judgment creditor, her attorney and his law firm under § 1983 for their involvement in the constructive seizure of their home pursuant to writ of fieri facias. Upon defendants' motions for summary judgment, the District Court, Little, Chief Judge, held that: (1) issuance and execution of the writ of fieri facias deprived judgment debtors of their due process rights, and (2) judgment creditor, her attorney and his law firm were state actors subject to liability under § 1983. Motions to dismiss denied. Here, the defendant acted in harmony with State actors to deprive Plaintiff of property. The original complaint alleges this conduct by the defendant, a lawyer.

C. The Complaint also states a federal question; may the State deprive a Federal law enforcement officer the rights afforded

1  State law enforcement officers? See <u>California Family Code</u>
2  <u>§6389.</u> Plaintiff's authority and rights are codified at
3  19USC1589a. These rights were seized by a State actor. The TRO
4  did not address the issue that Plaintiff was law enforcement
5  officer as required at §6389, thus denying Plaintiff additional
6  rights and protections under State law, Federal law, and the 2nd,
7  4th, 5th and 14th Amendments of the Constitution.
8  **D.** For the reasons cited above, I pray for a continuance of this
9  action until such time defendant is served with process.

Dated this 21st day of December, 2007

*[signature]*

Henry E. Leinen, Plaintiff

| TO (Name and Address): | TELEPHONE NO.: | LEVYING OFFICER (Name and Address): |
|---|---|---|
| Henry E. Leinen<br>PO Box EE<br>Pacific Grove, CA 93921<br>Ref #: | | Monterey County<br>Sheriff's Civil Unit<br>Office of the Sheriff 1414 Natividad Road<br>Salinas, CA 93906 |
| NAME OF COURT, JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:<br><br>United States District Court | | |

| PLAINTIFF: | Henry E. Leinen |
|---|---|
| DEFENDANT: | Debra V. Crawford, Esq |

| RECEIPT | LEVYING OFFICER FILE NO.: | COURT CASE NO.: |
|---|---|---|
| | 2007012972 | C0703274 |

Received from:    Henry E. Leinen
Amount:    $30.00
Date Received:    11/5/2007 9:59:22 AM

EX1

By: ARELLANOC          Date Mailed: 11/13/2007          Transaction Number: 001 / 00013312

CAS 15-1
Revised 06/24/2005

| | FOR COURT USE ONLY |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*: <br> Henry E Leinen <br> P.O. Box EE  Pacific Grove, CA 93950 <br> TELEPHONE NO.: (831) 655-1948   FAX NO.: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: In Pro Per | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** <br> STREET ADDRESS: 280 S. 1ST ST. ROOM 2112 <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: SAN JOSE, CA 95113 <br> BRANCH NAME: SAN JOSE/NORTHERN DISTRICT | |
| PLAINTIFF/PETITIONER: Henry E Leinen <br> DEFENDANT/RESPONDENT: Debra V Crawford, Esq. | |
| **NON SERVICE REPORT** | CASE NUMBER: <br> C0703274HRL |

I received the within process on August 15, 2007 and that after due and diligent effort I have been unable to serve said person. The following itemization of the dates and times of attempts details the efforts required to effect service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

   Servee:  **Debra V. Crawford, Esq.**

As enumerated below:                                                                                                EX 2

   08/16/2007 -- 07:45 pm          2 Chambers Ln
                                   Carmel Valley, CA
      Bad address per male. Subject does not live or work at this location

   08/22/2007 -- 09:15 am          4th & Dolores
                                   Carmel, CA
      Could not locate address

   08/22/2007 -- 03:30 pm          4th & Dolores
                                   Carmel, CA
      Phone book lists Crawford & Crawford on 4th Avenue

   08/23/2007 -- 12:21 pm          4th & Dolores
                                   Carmel, CA
      Still could not locate - there are several buildings in this vicinity and I do not see any sign of Crawford & Crawford

   08/28/2007 -- 09:25 am          4th & Dolores
                                   Carmel, CA
      Still did not find - there are a few houses in this area as well as businesses. I spoke to numerous people who said they had never heard of Crawford & Crawford. Called phone number provided by client and left message

**Continued on Next Page**

County: Monterey
Registration No.: 41
Sayler Legal Service, Inc.
455 Reservation Road, Suite E
Marina, CA 93933
(831) 384-4030

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on September 12, 2007 at Marina, California.

Signature: _____
Sayler Legal Service

**NON SERVICE REPORT**                                                                     Order#: P103832/NonServe