Debra V. Crawford
PO Box 373
Carmel, CA 93921-0373
Phone: 831.624.2422
E-filing: ddvcrawford@earthlink.net

Defendant, *in pro se*

FILED

2008 JAN 17 P 2: 05

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

280 S. 1st Street, San Jose, CA 95101

| | |
|---|---|
| HENRY E. LEINEN, | Case no. 07-CV-03274 HRL |
| | (Assigned to Hon. Howard R. Lloyd, Magistrate Judge) |
| Plaintiff, | Complaint filed: June 21, 2007 |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES** |
| DEBRA V. CRAWFORD, ESQ. | |
| Defendant. | [FRCP Rule 12(b)(1) and 12(b)(6)] |
| | Date: March 11, 2008
Time: 10:00 a.m.
Ctrm: 2 |

TO PLAINTIFF HARRY E. LEINEN AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT on March 11, 2008, at 10:00 a.m., or as soon thereafter as the matter may be called for hearing in Courtroom 2 of the above-entitled Court, which is located at 280 S. First Street, San Jose, California, defendant Debra V. Crawford will move the Court for an order dismissing the above-captioned action for lack of subject matter jurisdiction.

The motion is brought on the grounds that the complaint fails to raise any federal

1  question pursuant to which the court might have subject matter jurisdiction and fails to state
2  a claim upon which relief may be granted.
3      The motion is based upon this notice, the attached memorandum of points and
4  authorities and declaration, the papers, pleadings and other documents in the court's file
5  for the matter, and such further evidence and argument as may be elicited at the hearing
6  on the motion.

7

8  Dated: January 16, 2008              _____
                                                     Debra V. Crawford, defendant

## *MEMORANDUM OF POINTS AND AUTHORITIES*

### 1. INTRODUCTION

It may be gleaned from the complaint that this action arises from a marital dissolution action in which the defendant represented plaintiff's former spouse, i.e., proceedings in the California Superior Court. Plaintiff alleges that the state court issued and twice renewed a temporary restraining order and that defendant "negligently failed to give notice" of or serve the TRO on plaintiff and that the TRO was "placed into the National Crime Information Center . . . [also] without proper service or notice to Plaintiff until November 17, 2005." (Complaint, ¶¶ 2-3, 5-6.) Plaintiff asserts that that "negligence" constitutes a "'seizure'" of his ability to obtain employment as a park ranger, in "violation of his 5th and 14th Amendment rights." (Complaint, ¶4.) Plaintiff therefore alleges that the "negligence" was in violation of 42 USC §1981(c) and "the Fourteenth Amendment's due process language as codified at 42 U.S.C. §1983." (Complaint, ¶7.) **Significantly, plaintiff has not named any agent of the State of California as a defendant in this action.**

Plaintiff also alleges that, in a hearing in the state court on November 17, 2005, defendant "defamed" him by stating that plaintiff had sent defendant's client a "suicide note." (Complaint, ¶8.)

Plaintiff finally alleges that defendant failed to use reasonable care in "producing, filing, supervising, serving, and properly notifying [p]laintiff of the existence of the TRO . . . [and] substantially harmed [p]laintiff's ability to obtain employment." (Complaint, ¶9.) Plaintiff alleges that, during the "twelve weeks" in which the TRO was in effect, he was unable to obtain employment in law enforcement and therefore seeks $500,000.00 in lost wages. (Complaint, ¶¶ 6 and 10.)

As this court has already stated in its December 4, 2007, order to show cause why this action should not be dismissed (Doc 8), plaintiff has failed to raise a federal question or state a claim upon which relief may be granted because he cannot state a claim against defendant, a private citizen, under 42 U.S.C. §1983.

Moreover, defendant's statements, whether in open court or in papers filed with the court, are privileged under *Civil Code* section 47.[1]

Accordingly, the action should be dismissed, with prejudice.

## 2. PLAINTIFF CANNOT ALLEGE ANY FEDERAL CLAIM AGAINST HIS FORMER SPOUSE'S ATTORNEY.

### a. The Action Does Not Arise from Any State Action.

To state a claim under 42 USC §1983, the plaintiff must allege facts to show that the defendant was acting under color of law. As the court has already discussed in its December 4, 2007, order to show cause why this action should not be dismissed, defendant was acting as a private citizen in the course of representing plaintiff's adversary in a marital dissolution action. Under the case law, *even if defendant had been plaintiff's own privately retained attorney*, no state action would arise from which defendant could sue under §1983. (See, *Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir. 1978) ("An attorney's representation of a criminal defendant is not state action or official conduct"), citing *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir. 1972) (plaintiff's professional negligence claim against the attorney who defended him in a criminal action did not constitute a claim arising from an action under color of law), and *Dyer v. Rosenberg,* 434 F.2d 648 (9th Cir. 1970) (failure of criminal defense attorney to file an appellant's opening brief did not give rise to §1983 claim).

Plaintiff has not alleged facts to demonstrate that defendant was a "state actor" in seeking issuance of the TRO or making an allegedly defamatory statement in open court.

Accordingly, the action should be dismissed pursuant to FRCP rule 12(b)(1).

///

///

///

---

[1] Plaintiff's reliance on *Civil Code* section 47(b)(1) is misplaced because he was not a disinterested third party in the dissolution.

**b.   Even if Plaintiff Could Establish the "State Action" Element, Defendant's Alleged Conduct Was Privileged.**

The other stumbling block to plaintiff's ability to state a claim for relief is that his action arises from defendant's conduct in advocating for her client – plaintiff's adversary – in a court proceeding. Accordingly, defendant's conduct falls under section 47 of the California *Civil Code* which provides, in pertinent part:

> "A privileged publication or broadcast is one made:
>
> "(a)   In the proper discharge of an official duty.
>
> "(b)   In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows:
>
> "(1)   An allegation or averment contained in any pleading or affidavit filed in an action for marital dissolution or legal separation **made of or concerning a person by or against whom no affirmative relief is prayed**[2] in the action shall not be a privileged publication or broadcast as to the person making the allegation or averment within the meaning of this section unless the pleading is verified or affidavit sworn to, and is made without malice, by one having reasonable and probable cause for believing the truth of the allegation or averment and unless the allegation or averment is material and relevant to the issues in the action."

From the face of the complaint, plaintiff has acknowledged that defendant's conduct would be privileged under section 47. At ¶8, p. 3:15-18, plaintiff attempts to plead around the litigation privilege by alleging that the defense "is specifically prohibited as codified at California Civil Code § 47(b)(1)." Plaintiff seems to have misread subsection (1) or misplaced his reliance on that exception. Plaintiff, after all, is not a disinterested third party; to the contrary, plaintiff was the *other* party in the litigation.

The litigation privilege was addressed in the context of a marital dissolution in *Silberg v. Anderson* 50 Cal.3d 205 (1990). Silberg, unhappy with the result of his divorce, not only

---

[2]   Before "no fault" divorce, this provision was referred to as the "correspondent" clause.

sued his own lawyer, but his ex-wife's lawyer, Anderson, as well. Silberg alleged that Anderson had misrepresented that the professional who performed psychological evaluations of the family and recommended custody was "independent and neutral," that the attorney and psychologist had some kind of "preexisting relationship," and that the attorney used that relationship to unduly influence the psychologist's report, which, Silberg alleged, was "'was biased, wholly inaccurate and defamatory.'" (*Silberg*, p. 210.) Silberg sought to hold his ex-wife's lawyer for defamation, negligence, and infliction of emotional distress. The trial court sustained the attorney's demurrer without leave to amend, finding that Silberg had stated no cause of action. The Court of Appeal reversed and the attorney petitioned the California Supreme Court for review.

The California Supreme Court reviewed the prior case law interpreting §47 and the policy considerations it serves, e.g., to "afford . . . utmost freedom of access to the courts," to promote judicial efficiency "by encouraging . . . 'open channels of communication and the presentation of evidence'" in judicial proceedings, to "assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing," and to avoid the destructive and chilling "external threat of liability" for communications made during all kinds of truth-seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings." (*Silberg*, p. 213.) To serve those purposes, the litigation must be, and is, absolute in nature.

The California Supreme Court concluded by analyzing whether §47 should apply:

> "[D]efendant's statements furthered the objects of the litigation and fall within the scope of the litigation privilege. The statements were made in the context of a judicial proceeding, were logically related to the action, played an integral role in the proceeding, and were made by one of the participants about an authorized participant. The privilege of *section 47(2)* plainly applies." (*Silberg*, p. 220.)

There is nothing in this complaint that can be distinguished from the allegations in *Silberg*. The TRO (and any statements made to obtain it) were in the context of the marital dissolution, were logically related to the action, were integral (to protect defendant's client) and were made by a participant (defendant) regarding another participant (plaintiff).

1  Accordingly, plaintiff cannot prevail and the action must be dismissed pursuant to FRCP rule
2  12(b)(6).

3

4  **3.   CONCLUSION**

5  Based on the foregoing, it is respectfully submitted that plaintiff cannot state a claim
6  for any relief at all, let alone a claim falling within the subject matter jurisdiction of this court.
7  Accordingly, the action should be dismissed, with prejudice.

8

9  Dated: January 16, 2008                               _____
                                                          Debra V. Crawford, defendant

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and am not a party to the within action; my business address is Suite 100, 23801 Calabasas Road, Calabasas, California 91302.

On the date hereinbelow specified, I served the foregoing document, described as set forth below, on the interested parties in this action by the following method(s):

Date of Service:    January 16, 2008

Document Served:    **NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

Counsel Served:

**Plaintiff, *in pro se***
HENRY E LEININ
PO BOX 33
PACIFIC GROVE CA 93950-0289
831.655.1948
*HLEINEN@AOL.com*

[x]    **(BY REGULAR MAIL)** I placed true copies thereof, enclosed in sealed envelopes, addressed to each person on whom it is to be served, at the office address as last given by that person on any document filed in the cause, and I placed such envelope(s) with first class postage thereon fully prepaid in the United States mail at Calabasas, California.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Calabasas, California on January 16, 2008.

_Original to be separately filed_
Tracy A. Naegele

HOLLINS & LEVY LLP
12bMD FINAL.wpd

- 8 -
MOTION TO DISMISS (12(b)(1) and 12(b)(6))    07-CIV-03274

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and am not a party to the within action; my business address is Suite 100, 23801 Calabasas Road, Calabasas, California 91302.

On the date hereinbelow specified, I served the foregoing document, described as set forth below, on the interested parties in this action by the following method(s):

Date of Service: January 16, 2008

Document Served: **NOTICE OF MOTION AND MOTION TO DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**

Counsel Served:

**Plaintiff, *in pro se***
HENRY E LEININ
PO BOX 33
PACIFIC GROVE CA 93950-0289
831.655.1948
HLEINEN@AOL.com

[x] **(BY REGULAR MAIL)** I placed true copies thereof, enclosed in sealed envelopes, addressed to each person on whom it is to be served, at the office address as last given by that person on any document filed in the cause, and I placed such envelope(s) with first class postage thereon fully prepaid in the United States mail at Calabasas, California.

\* \* \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Calabasas, California on January 16, 2008.

_____
Tracy A. Naegele

HOLLINS & LEVY LLP
12bMD FINAL.wpd

- 8 -
**MOTION TO DISMISS (12(b)(1) and 12(b)(6))**
07-CIV-03274