```
Henry E. Leinen            )
PO Box EE                  )
Pacific Grove, CA 93950-0289 )
(831) 655-1948             )
     Plaintiff, In Pro Se  )
                           )     Case Number: C07 03274HRL
   vs.                     )
                           )
Debra V. Crawford, Esq.    )
PO Box 373                 )
Carmel, CA 93921-0373      )
     Defendant, In Pro Se  )
```

Filed
FEB 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

United States District Court
Northern District of California
280 South First St.
San Jose CA 95101

**Objection to Defendants Motion to Dismiss**

1. This objection to Defendant's motion to Dismiss is made for several reasons and prior case law as annotated below.

2. Plaintiff renews his allegation that defendant made an unprivileged allegation amounting to Slander as defined by California Civil Code §46,"Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which: 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office,

1  profession, trade, or business that has a natural tendency to
2  lessen its profits." This allegation and its "evidence" referred
3  to by defendant were not presented to the court, nor does it
4  exist in the record.  California Civil Code §47(2) states, "This
5  subdivision does not make privileged any communication made in
6
7  furtherance of an act of intentional destruction or alteration
8  of physical evidence undertaken for the purpose of depriving a
9  party to litigation of the use of that evidence, whether or not
10 the content of the communication is the subject of a subsequent
11 publication or broadcast which is privileged pursuant to this
12
13 section.  As used in this paragraph, "physical evidence" means
14 evidence specified in Section 250 of the Evidence Code or
15 evidence that is property of any type specified in Chapter 14
16 (commencing with Section 2031.010) of Title 4 of Part 4 of the
17 Code of Civil Procedure." Here, the defendant stated in open
18
19 court that plaintiff had sent a "Suicide Note" to her client the
20 day before the original hearing. This statement was overheard by
21 other attorneys, bailiffs, court reporters, and other persons I
22 know personally. The document in question is the factual notice
23
24 that I had been diagnosed with a tumor on my left kidney the day
25 before court.   Further, CALIFORNIA WELFARE AND INSTITUTIONS
26 CODE SECTION 5150 states, "If the probable cause is based on the
27 statement of a person other than the officer, member of the
28 attending staff, or professional person, such person shall be

liable in a civil action for intentionally giving a statement which he or she knows to be false. Here, defendant knowingly made a false statement in open court that has resulted in damaging my reputation as well as obtaining employment in my profession, law enforcement. CALIFORNIA WELFARE AND INSTITUTIONS CODE §5157 defines a "professional person" as a medical professional.

    **3.** This action should not be dismissed for failure to state a claim for several reasons;

    (a) In addition to protection against deprivations of *procedural* due process; the Due Process Clause has two *substantive* components--the substantive due process simpliciter, and incorporated substantive due process. In order to state a claim for a violation of the substantive due process simpliciter, the plaintiff must demonstrate that the defendant engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense." Here, the defendant filed with the state court *Ex parte* a seizure of plaintiff's property that required notice. Under state statutes or rules of procedure are either identical or similar to the federal rule; an applicant seeking a temporary restraining order is required to notify the adverse party of his or her intention to obtain the order before applying or to indicate in the application why notice should not

be given or what efforts he or she made to give the notice, see John W. Fisk Co., Div. of Fisk Corp. v. Michel, 709 So. 2d 1061 (La. Ct. App. 4th Cir. 1998). Doyle v. Schultz, 97 F.Supp.2d 763 W.D.La. 2000, "A lawyer may be a state actor, for purposes of § 1983 claim, if he employs the state to enforce or execute a state-provided procedure." In the instant case, defendant a licensed attorney maliciously engaged in such conduct when she failed to comport to the California rules of civil procedure (CRCP) by not having the Temporary Restraining order (TRO) served upon Plaintiff. Notice is required under (CRCP) and could have been affected by mail or personal service. Defendant then renewed the TRO on three occasions again without attempting service or notice; defendant did however throughout the entire time the TRO was active yet not served, maintained contact with me in several correspondences as to issues regarding community property, insurance, savings accounts, and other issues pertaining to the divorce.

(b) A private lawyer may also act under color of state law under certain circumstances; U. S. General, Inc. v. Schroeder, 400 F. Supp. 713 (E.D. Wis. 1975) the court held that the defendant attorney acted willfully and wantonly in bringing, prosecuting and refusing to dismiss a patently unconstitutional garnishment action against plaintiff stated cause of action against the attorney under the Civil Rights Act. The attorney's

Motion to dismiss denied; <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250</u> The Court held that a private judgment creditor or attorney who effects an attachment by invoking these procedures without predeprivation notice or hearing acts under color of law and may be held liable under § 1983. *Id.* at 1267.; <u>Doyle v. Schultz, 97 F.Supp.2d 763 W.D.La.,2000,</u> Judgment debtors' brought action against judgment creditor, her attorney and his law firm under §1983 for their involvement in the constructive seizure of their home pursuant to writ of fieri facias. Upon defendants' motions for summary judgment, the District Court, Little, Chief Judge, held that: (1) issuance and execution of the writ of fieri facias deprived judgment debtors of their due process rights, and (2) judgment creditor, her attorney and his law firm were state actors subject to liability under § 1983. Motions to dismiss denied. Here, the defendant acted in harmony with State actors to deprive Plaintiff of property. The original complaint alleges this conduct by the defendant, a lawyer.

   **4.** The Complaint also states a federal question; may the State deprive a <u>Federal</u> law enforcement officer the rights afforded <u>State</u> law enforcement officers? See <u>California Family Code §6389.</u> Plaintiff's authority and rights to carry firearms are codified at 19USC1589a. These rights were seized by State actors; specifically the employees of the Pacific Grove Police

## DECLARATION OF Elizabeth A Leinen

I, Elizabeth A Leinen, declare;

1. I am a resident of the county of Tuolumne, State of California. I am over the age of 18 years and am not a party to the within action. My mailing address is 12349 Poco Calle SONORA, CA 95370

2. On the date annotated below, I deposited in the United States Mails, first class postage prepaid the documents listed in item 3 to Debra V Crawford PO Box 373 Carmel CA 93921-0373.

3. Objection to Motion to dismiss; Declaration of Elizabeth A Leinen

4. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on February 11, 2008.

*Elizabeth A Leinen* (signature)

Elizabeth A Leinen