1
Debra V. Crawford
PO Box 373
2
Carmel, CA 93921-0373
Phone: 831.624.2422
3
E-filing: ddvcrawford@earthlink.net

4
Defendant, *in pro se*

5

6

7

8
**UNITED STATES DISTRICT COURT**

9
NORTHERN DISTRICT OF CALIFORNIA

10
280 S. 1st Street, San Jose, CA 95101

11

| | |
|---|---|
| 12   HENRY E. LEINEN, | Case no. 07-CV-03274 HRL |
| 13 | (Assigned to Hon. Howard R. Lloyd, Magistrate Judge) |
|    Plaintiff, | Complaint filed: June 21, 2007 |
| 14 | **NOTICE OF MOTION AND MOTION TO** |
| 15   v. | **STRIKE FIRST AMENDED** |
|    | **COMPLAINT AS SLAPP SUIT** |
|    | **PURSUANT TO CCP §425.16;** |
| 16 | **MEMORANDUM OF POINTS AND** |
|    | **AUTHORITIES; DECLARATION;** |
| 17   DEBRA V. CRAWFORD, ESQ. | **EXHIBITS** |
| 18 | [FRCP Rule 12(f)] |
|    Defendant. | |
| 19 | Date:   April 21, 2008 |
| 20 | Time:   10:00 a.m. |
|    | Ctrm:   2 |

21
TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22
PLEASE TAKE NOTICE that on April 21, 2008, at 10:00 a.m., or as soon thereafter

23
as the matter may be called in courtroom 2 of the above-entitled court, which is located at

24
280 S. 1st Street, San Jose, California, defendant Debra V. Crawford will bring on for hearing

25
her motion to strike the "amended complaint" and dismiss the above-captioned action, in its

26
entirety and with prejudice, pursuant to California *Code of Civil Procedure* section 425.16

27
and rule 12(f) of the *Federal Rules of Civil Procedure*.

28
The motion is brought on the grounds that the action arises from defendant's provision

Hollins & Levy LLP
MS 425-16 FINAL.wpd

- 1 -

1    of legal services to plaintiff's former spouse in the dissolution of plaintiff's marriage.  As such,

2    the action arises from acts in furtherance of the exercise of the right to petition the courts

3    under the United States and California constitutions.  Further, defendant's alleged conduct

4    is privileged under *Civil Code* section 47 and plaintiff cannot establish that there is a

5    probability that he will prevail on the claim.  Accordingly, the amended complaint must be

6    stricken and the action dismissed, with prejudice.

7        PLEASE TAKE FURTHER NOTICE that at said time and place, defendant will ask

8    that the court order plaintiff to pay all of her attorney's fees incurred in the preparation of this

9    motion and any reply papers, estimated, at this writing, to be in the sum of $4,000.00.

10        The motion is based upon this notice, the attached memorandum of points and

11    authorities, declaration of Debra V. Crawford, and exhibits, the papers, pleadings and other

12    documents in the court's file for the matter, including the amended complaint and all exhibits

13    thereto, and such further evidence and argument as may be elicited at the hearing on the

14    motion.

15    Dated:  February 26, 2008

16                                                    /s
                                     Debra V. Crawford, defendant

17

18

19

20

21

22

23

24

25

26

27

28

Hollins & Levy LLP

MS 425-16 FINAL.wpd

**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

1

***MEMORANDUM OF POINTS AND AUTHORITIES***

2

## 1.    INTRODUCTION

3       On February 14, 2008, plaintiff filed his "amended complaint," adding "state actor,"

4   the Hon. Susan M. Dauphine as a defendant in the instant action.  Plaintiff seeks to hold

5   defendant Debra V. Crawford (the attorney who represented plaintiff's ex-wife) and Judge

6   Dauphine (the judge who presided over the marital dissolution) liable for damages which he

7   claims he suffered as a result of the issuance of a temporary restraining order on behalf of

8   plaintiff's ex-wife.  Attached to his amended complaint ("AC"), plaintiff has provided the court

9   with a copy of the Reporter's Transcript of the proceedings about which plaintiff complains

10   (AC exhibit 2) and which demonstrates that nothing untoward, let alone actionable, occurred.

11       From the face of the complaint and amended complaint, this action arises from the

12   furtherance of plaintiff's ex-wife's right to petition the courts for relief, i.e., the dissolution of

13   her marriage and the issuance of a temporary restraining order to help keep her safe after

14   plaintiff began to act erratically and threaten her in retaliation for seeking the divorce.  The

15   action is a "SLAPP" suit, the complaint and amended complaint should be stricken, and the

16   action dismissed, with prejudice.  Moreover, plaintiff, rather than defendant, should bear the

17   expense of the attorney's fees that defendant has incurred to prepare these moving and any

18   reply papers.

19

## 2.    THE UNDERLYING PROCEEDINGS

20       As set forth more fully in the attached declaration, **exhibits "A"** and **"B,"** and AC

21   exhibit 2, during the pendency of the underlying divorce case, Karen Shaffer Leinen began

22   to fear for her own life and that the plaintiff (a longtime sufferer from depression) might take

23   his own life.  Ms. Leinin, through her counsel of record, defendant herein, submitted two

24   declarations to the Monterey Superior Court in support of her request for a temporary

25   restraining order to keep the plaintiff at a physical distance and from further contact and

26   threats.  The court issued a temporary restraining order.

27       On November 17, 2005, plaintiff appeared for proceedings in the superior court, at

28   which time he was served with the restraining order, which (contrary to plaintiff's allegation)

1   was not "under seal" but enclosed, as is the custom, in a sealed envelope.  The court not

2   only invited plaintiff to open the envelope, but suggested that he do so.  (AC exhibit 2, p.

3   2:16-19.)

4          As the transcript also demonstrates, plaintiff was late for the hearing, the motions for

5   injunctive relief and spousal support were misplaced and the court indicated, before the

6   plaintiff arrived, that the court might have to continue the hearing.  (Exhibit 2, pp. 1:9-26,

7   2:21-24.)  After the plaintiff arrived, the court was handed a "stack of documents" which she

8   had not had a chance to review.  (Exhibit 2, pp. 2:28-3:2.)  The court went on:

9          ". . . [W]hat I am going to suggest is that [Mr. Leinin]

10         should have an opportunity to respond to the proof of

11         service [on the TRO].  Is there a kick out order needed at

12         this time?

13         "MS. CRAWFORD: I don't think we need it right now.

14         The one of the major issues is the harassment.  My client

15         is a kindergarten teacher and she had to give her class to

16         somebody else yesterday and showed up in my office

17         unexpected in tears.  It's the e-mails and the phone

18         calls.  If they stop that's going to solve a lot of the

19         problems.

20         "Also she received a e-mail yesterday that appears to

21         be a suicidal note.  And so I think once that's a big

22         concern, the possession of all the firearms, is a very big

23         concern.  But we can address that at a further date.  So

24         I don't think kick out order is needed at this point.

25         "THE COURT: What I can do, Mr. Leinin, is just

26         continue the temporary orders that were put into effect on

27         a temporary basis, that's the basic restraining order and

28         stay away order –

Hollins & Levy LLP

MS 425-16 FINAL.wpd

**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                              07-CIV-03274

1    "MR. LEININ: Can I respond to this?

2    "THE COURT:  – mutual property restraints, and then

3    put this over for until the 1st of December, reissue it

4    until that date, with a temporary orders remaining in

5    effect *so that you can file written response*. . .

6                                    [¶¶]

7    "MR. LEININ: Your Honor, can I have present a

8    document to you?

9    "THE COURT: At this point, sir, I wouldn't be able to

10   read it in court.  You need to file things and I don't

11   mean to be rude.  But for everybody's sake, you can

12   certainly go out to the clerk and file it and then I would

13   be happy to consider it.  But what I am suggesting,

14   because you just been served today, is that we put the

15   matter over . . .

16   *"If you needed the services of a prop per*

17   *legal adviser, I can put it over to the 8th so*

18   *that we would have that person inc court . . .*

19   *You may want to get legal representation for*

20   *yourself before then.  I would encourage you to*

21   *do that.  You are entitled to do that as I'm sure*

22   *you are aware.  All right?  And then you can file*

23   *anything that you believe the court should*

24   *consider.*  I would ask that anything be filed in

25   response no later than December 2nd, 2005. . ." [Emphasis

26   added.]  (AC exhibit 2, pp. 3:12-23.)

27   In short, the very record upon which plaintiff bases this action demonstrates that

28   plaintiff's ex-wife had good cause to seek issuance of a restraining order (see, also, **exhibits**

1    **"A"** and **"B"**); the court invited plaintiff to file whatever response he deemed appropriate to

2    the TRO and strongly recommended that he retain counsel. In fact, to ensure that plaintiff

3    had his day in court and access to legal advice, the defendant asked and the court

4    scheduled the next hearing for a date on which an independent attorney (rather than the

5    defendant herself) would be available as "pro per adviser" to advise plaintiff during the

6    proceeding.  (AC exhibit 2, pp. 4:17-23, 5:7-9.)  The record demonstrates that the court

7    made every effort to protect, rather than deny, plaintiff his rights as a litigant.

8    **3.    THIS CASE IS A STRATEGIC LAWSUIT AGAINST PUBLIC POLICY**

9    **BROUGHT TO RETALIATE AGAINST PLAINTIFF'S EX-WIFE'S LAWYER**

10   **AND, NOW, THE COURT THAT HEARD PROCEEDINGS IN THE DIVORCE.**

11   "The anti-SLAPP statute is designed to nip SLAPP litigation in the bud by

12   striking offending causes of action."  *Braun v. Chronicle Publishing Co.* (1997) 52

13   Cal.App.4th 1036, 1043. CCP §425.16 (or the anti-SLAPP statute) provides in relevant part:

14   "(a) The Legislature finds and declares that there has been a disturbing

15   increase in lawsuits brought primarily to chill the valid exercise of the

16   constitutional rights of freedom of speech and petition for the redress of

17   grievances. The Legislature finds and declares that it is in the public interest

18   to encourage continued participation in matters of public significance, and that

19   this participation should not be chilled through abuse of the judicial process.

20   To this end, this section shall be construed broadly.

21   **"(b) (1) A cause of action against a person arising from any act of**

22   **that person in furtherance of the person's right of petition or free speech**

23   **under the United States or California Constitution in connection with a**

24   **public issue shall be subject to a special motion to strike, unless the**

25   **court determines that the plaintiff has established that there is a**

26   **probability that the plaintiff will prevail on the claim.**

27   "(2) In making its determination, the court shall consider the pleadings,

28   and supporting and opposing affidavits stating the facts upon which the liability

1    or defense is based." [Emphasis added.]

2        In *Briggs v. Eden* (1999) 19 Cal.4th 1106, the California Supreme Court examined the

3    language of section 425.16 and determined that section 426.15 expressly makes **any** cause

4    of action subject to a special motion to strike, if the cause of action arises from an act in

5    furtherance of defendant's right to petition or free speech. *Id* at 1114.  The statement need

6    not be "in connection with a public issue" in order to be subject to a special motion to strike.

7    *Id.*  Therefore,  the defendant's only burden is to show that the suit fits within the confines

8    of the statute:

9            "'The defendant pursuing an anti-SLAPP motion must make an initial prima

10           facie  showing  that  plaintiff's  suit  arises  from  an  act  in  furtherance  of

11           defendant's right of petition or free speech.' (*Wilcox v. Superior Court* (1994)

12           27 Cal.App.4th 809, 820 [33 Cal.Rptr.2d 446].) A defendant meets this burden

13           by demonstrating that the act underlying the plaintiff's cause fits one of the

14           categories spelled out in section 425.16, subdivision (e)."  *Braun v. Chronicle*

15           *Publishing Co., supra,* at 1043-44.

16       CCP §425.16 specifically applies to any "conduct in furtherance of the exercise of the

17   constitutional right of petition or the constitutional right of free speech in connection with a

18   public issue or an issue of public interest."[1]  This is a retaliatory action, without merit, against

19   an attorney who was following her professional and ethical obligations to protect and

20   advocate for the rights of her client, plaintiff's ex-wife, against her client's adversary, the

21   plaintiff.   The complaint and amended complaints should be stricken and the action

22   dismissed, with prejudice.

23   **4.        PLAINTIFF SHOULD BEAR ALL OF THE FINANCIAL RAMIFICATIONS OF**

24   **           HIS PURSUIT OF THIS SLAPP SUIT.**

25       Section 425.16(c) also provides that a defendant prevailing on a special motion "shall

26   be entitled to recover . . . her attorney's fees and costs."  As set forth in the attached

27   declaration of defendant Debra V. Crawford, she has retained outside counsel to assist her

28

---

[1]CCP §425.16(e).

**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

1    with the preparation of these moving and any reply papers.  It is estimated that, over and

2    above the value of her own time defending herself, she will incur up to $4,000.00 in

3    attorney's fees seeking dismissal by this special motion to strike.

4         Accordingly, defendant is entitled to recover her attorney's fees from plaintiff for his

5    decision to pursue this action.

6    **5.    CONCLUSION**

7         Based on the foregoing, it is respectfully submitted that the motion should be granted,

8    plaintiff should be ordered to pay all of defendant's attorney's fees, and the action should be

9    dismissed, with prejudice.

10    Dated:  February 26, 2008

11                               /s

12                            Debra V. Crawford, defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

1

*DECLARATION OF DEBRA V. CRAWFORD*

2

I, Debra V. Crawford, declare:

3

1.    I am an active member of the State Bar of California and I am a named

4

defendant in the instant action of *Leinen v. Crawford*, USDC case no. 07-CV-03274 HRL.

5

I am familiar with the facts set forth herein and I would so testify, under oath, if called upon.

6

I am making this declaration in support of my motion to strike and dismiss this action

7

pursuant to FRCP rule 12(f) and CCP §425.16 on the grounds that this action is a Strategic

8

Lawsuit Against Public Policy, aka "SLAPP suit."

9

2.    I represented the plaintiff's ex-wife, Karen Shaffer Leinen, in their marital

10

dissolution action, in the California Superior Court for the County of Monterey.

11

3.    As the reporter's transcript that is attached as exhibit 2 to the amended

12

complaint and the attached exhibits disclose, in late 2005, during the pendency of the

13

dissolution case, plaintiff was acting erratically and Ms. Leinen became fearful for her own

14

safety.  On October 11, 2005, on her behalf, I filed a request for issuance of a temporary

15

restraining order against the plaintiff.  A true and correct copy of the request for order, with

16

attachments, is attached hereto as **exhibit "A."**  As set forth in the supplemental declaration

17

that is a part of **exhibit "A,"** at the time,

18

"[P]laintiff had "many firearms in his possession, including an

19

assault rifle, and a shortened shotgun.  When I moved his items

20

into the garage to make the house show better. . . his first

21

comment was 'where's the key to my gun safe?' . . . He has full

22

access to his guns.  It scares me especially since his behavior and

23

aggression is escalating."    (**Exhibit "A,"** Supplemental

24

declaration, ¶3, pp. 1:27-2:4.)

25

4.    On October 14, 2005, the supplemental declaration of Karen Shaffer Leinin in

26

support of TRO was filed in the marital dissolution action.  A true and correct copy of the

27

supplemental declaration is attached hereto as **exhibit "B."**    In the supplemental

28

declaration, Ms. Leinin averred,

1   "2.    . . . I believe he asked the pointed question about

2   where the key to his guns was as a threat. . . I believe that this was

3   a threat to either harm me or himself.  He admits his medical

4   condition of depression.  (See attached portions of Respondent's

5   statement to the U.S. Government in support of his disability

6   retirement claim wherein he admits his drug usage and insomnia -

7   dated 4/15/05.)

8   "3.    . . . [On] September 29, 2005, [when] I did not want

9   to go to dinner with him[,] [h]e then asked me about the gun safe

10  key again, 'Where's the key to my gun safe?'  It was the exact

11  same wording as before.  It scared me.  The usage of the precise

12  wording scares me.  He can say it was a mere question but the

13  precise wording is odd.  Thinking of the way he says it gives me

14  pure dread and I have a physical reaction – my stomach hurts and

15  my hands start to shake.  HE KNOWS WHERE THE KEY TO

16  THE GUN CASE IS. . . .  The only reason to ask me is to show

17  me that he can access the gun safe. . . .

18  [¶]

19  "5.    Another example of Respondent's veiled threats is

20  earlier this year when he sent a copy of his revised Will to both of

21  our children after I told him I was pursuing the divorce action.

22  My daughter was hysterical and asked if that meant that Daddy

23  was killing himself."

24  5.    Attached to the supplemental declaration is a claim for compensation, bearing

25  the date April 21, 2005, by the plaintiff; the "nature of disease or illness" is "Depression,"

26  which, according to plaintiff, he has suffered since 1973.  The excerpts also describe the

27  plaintiff's use of medications as sleeping aids.

28  6.    I retained the services of an attorney who has 15 years of experience in legal

MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION
(FRCP rule 12(f) and CCP §425.16)                                    07-CIV-03274

1   malpractice defense to assist me with the preparation of this motion and any reply papers.

2   I have been given a reduced billing rate of $200.00/hour.  It is my understanding that the

3   preparation of these moving papers took 8 hours, for which I will be billed, and it is estimated

4   that it will take an additional 5-12 hours to prepare the reply, for a total of up to $4,000.00.

5          I declare under penalty of perjury that the foregoing is true and correct and is based

6   upon my personal knowledge and that I executed this declaration on February 26, 2008, at

7   Carmel, California.

8                                                    _____
                                                                    /s
9                                                          Debra V. Crawford

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and am not a party to the within action; my business address is Suite 100, 23801 Calabasas Road, Calabasas, California 91302.

4

5

    On the date hereinbelow specified, I served the foregoing document, described as set forth below, on the interested parties in this action by the following method(s):

6

7

Date of Service:        February 26, 2008

8

Document Served:        **NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT AS SLAPP SUIT PURSUANT TO CCP §425.16; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS**

9

10

Counsel Served:

11

**Plaintiff, *in pro se***                          **Judicial Council (CCP §425.16(j)**
HENRY E LEININ                                     JUDICIAL COUNCIL OF CALIFORNIA
PO BOX 33                                          455 GOLDEN GATE AV 7TH FL
PACIFIC GROVE CA 93950-0289                        SAN FRANCISCO CA 94102
831.655.1948
*HLEINEN@AOL.com*

12

13

14

15

[ x ]    **(BY REGULAR MAIL)** I placed true copies thereof,  enclosed in sealed envelopes, addressed to each person on whom it is to be served, at the office address as last given by that person on any document filed in the cause, and I placed such envelope(s) with first class postage thereon fully prepaid in the United States mail at Calabasas, California.

16

17

* * *

18

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Calabasas, California on February 26, 2008.

19

20

_____
                    /s
                  Tracy A. Naegele

21

22

23

24

25

26

27

28

Hollins & Levy LLP

MS 425-16 FINAL.wpd

**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                              07-CIV-03274