EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS, State Bar No. 90294
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5520
 Fax:  (415) 703-5480
 Email:  Paul.Hammerness@doj.ca.gov

Attorneys for State Judicial Defendant, Judge Susan M. Dauphine

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY E. LEINEN,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA CRAWFORD, et al.,<br><br>Defendants. | Case No. C 07-03274-JW<br><br>**STATE JUDICIAL DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  April 21, 2008<br>Time:  9:00 a.m.<br>Courtroom:  8 (4th Floor)<br>Judge:  Honorable James Ware |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James Ware, United States District Judge, defendant the Honorable Susan M. Dauphine, Judge of the Monterey County Superior Court, hereinafter the "State Judicial Defendant", will move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

1. The claim against the State Judicial Defendant is barred by absolute judicial immunity;

2. The claim against the State Judicial Defendant is barred by the Eleventh Amendment;

3. The claim against the State Judicial Defendant is barred pursuant to the Rooker-Feldman

1 doctrine, which holds that the federal district courts lack jurisdiction to review state court judgments;

4. The claim against the State Judicial Defendant is barred by the applicable statute of limitations.

This motion is and shall be based upon this notice of motion and motion to dismiss, the accompanying memorandum of points and authorities, the pleadings and papers on file herein and such other written material as may be presented at the hearing of this motion.

Dated: March 4, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California


   s/s Paul T. Hammerness
PAUL T. HAMMERNESS
Supervising Deputy Attorney General

Attorneys for State Judicial Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

**a.  Nature of this Action; Plaintiff's Claims.**

This is an action for damages pursuant to 42 U.S.C. § 1983 brought by *pro per* plaintiff Leinen against two individuals connected to his state court marital dissolution case.  Named as defendants are Monterey County Superior Court Judge Susan Dauphine, who issued a domestic violence retraining order against plaintiff on November 17, 2005 (FAC, p. 1 and exhibits thereto); and the attorney for plaintiff's ex-wife who sought the order, Debra Crawford (FAC, pp. 1-2).

Claiming that Judge Dauphine violated his federal civil rights by committing procedural irregularities during the November 2005 hearing that resulted the issuance of the restraining order against him, plaintiff seeks damages for lost wages, allegedly incurred as a result of his inability to find law enforcement employment. (FAC, pp. 2-6).

**b.  Grounds for this Motion.**

The allegations of the amended complaint assert claims against the judge solely for actions taken in her judicial capacity.  Consequently, absolute judicial immunity bars this action.  To the extent plaintiff sues the State Judicial Defendant in her official capacity, suit is barred by the Eleventh Amendment.  Additionally, plaintiff's claim against the judge, as it seeks to have this Court review the merits of the prior State court ruling, is barred under the Rooker-Feldman doctrine.  The claim is likewise, barred by the statute of limitations.

///
///
///
///
///
///
///
///

# ARGUMENT

## I

### THE CLAIM AGAINST THE STATE JUDICIAL DEFENDANT IS BARRED BY ABSOLUTE IMMUNITY

The Supreme Court long ago established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco,* 502 U.S. 9 (1991); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Indeed, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

The allegations of the amended complaint, as they pertain to Judge Dauphine, clearly challenge the issuance of an allegedly-improper order against plaintiff by the judicial defendant, thus, showing that the challenged conduct was strictly judicial in nature. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). As such, the alleged misconduct falls squarely within the ambit of the protection of judicial immunity. (FAC, *passim*).

As stated by the Supreme Court in *Pierson v. Ray, supra*, 386 U.S. at 554:

> "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher, supra*, 349 note, at 350). It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."

All of the actions complained of were within the defendant's jurisdiction. "Jurisdiction is construed broadly where the issue is the immunity of a judge." *Crooks, supra*, 913 F.2d at 701. Where, as here, a judge is sued for performing judicial acts and she did not act in the "clear

absence of jurisdiction," the absolute immunity applies. *Stump v. Sparkman*, 453 U.S. 349, 356-57 (1978); *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir.), *cert. denied*, 488 U.S. 995 (1988) (even acts performed in "excess" of judicial authority do not deprive judges of immunity).

As plaintiff's claim against Judge Dauphine is based upon her actions as a judicial officer acting in his prior state court case, this action is barred by absolute immunity.

## II

**FEDERAL COURT JURISDICTION OVER CLAIMS AGAINST STATE OFFICIALS SUED IN THEIR OFFICIAL CAPACITIES IS BARRED BY THE ELEVENTH AMENDMENT**

The Eleventh Amendment provides:

> "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . . ."

U.S. Const. Amend. XI. The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). Thus, the State court judge (insofar as she is sued in her official capacity) is entitled to immunity under the Eleventh Amendment. *Austin v. State Indus. Insur. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991); *Francheschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1994); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). The amendment clearly prohibits actions against an "officials office," for they are in reality suits against the State. *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995).

Given the bar of Eleventh Amendment immunity, plaintiff's claim against the State Judicial Defendant is subject to dismissal.

## III

**THIS COURT LACKS JURISDICTION TO REVIEW STATE COURT JUDGMENTS OR ORDERS DUE TO THE ROOKER-FELDMAN DOCTRINE**

The federal district courts lack jurisdiction to review state court judgments. *Allah v. Superior Court of the State of California*, 871 F.2d 887, 890-91 (9th Cir. 1989); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462,

State Jud. Def't's NOM; MTD; Memo. of Ps. & As.    Leinen, Henry v. Debra Crawford
                                                    C 07-03274-JW

5

1  486-87 (1983).  Plaintiff's prayer requests this Court to, in effect, review the prior state court

2  rulings pertaining to his previous case.  Such a request violates the basic precept that federal

3  district courts are court of limited original jurisdiction; they may not serve as appellate tribunals

4  to review the errors allegedly committed by state courts.  *Atlantic Coast Line Railroad Co. v.*

5  *Brotherhood of Locomotive Engineers*, 389 U.S. 281, 296 (1970).  A federal court has no

6  jurisdiction over issues that are "inextricably intertwined" with allegations underlying the

7  judgment of a state court.  *Feldman, supra*, 460 U.S. at 486-87.

8        The doctrine that district courts have no authority to review final determinations of state

9  courts judicial proceedings "applies even when the challenge to the state court decision involves

10 constitutional issues."  *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

11 This is because state courts are as competent as federal courts to decide constitutional issues.

12 *Id.; see also, Huffman v. Pursue Ltd.*, 420 U.S. 592, 611 (1975) (rejecting the argument that state

13 judges will not be faithful to their constitutional responsibilities); *Branson v. Nott*, 62 F.3d 287,

14 291 (9th Cir. 1995).

15       This rule is well-established.  *Rooker, supra*, 263 U.S. at 416 (federal district court lacks

16 jurisdiction to review allegations that state judgment was rendered in violation of due process,

17 equal protection and contract clause of the federal constitution); *Feldman, supra*, 460 U.S. at

18 486-87 (federal district court lacks jurisdiction to review claim that Court of Appeals acted

19 arbitrarily, capriciously, unreasonably or discriminatorily in denying petitions for waiver of bar

20 admission rule).

21       Under this rule, known as the Rooker-Feldman doctrine, while parties may appeal state

22 court decisions to the State's highest court, and then to the United States Supreme Court if a

23 federal constitutional issue question is presented, "horizontal" review of a state court decision in

24 federal court is unavailable.  *Rooker, supra*, 263 U.S. at 416; *See also Mackey v. Pfeil*, 827 F.2d

25 540, 543 (9th Cir. 1987) (federal district courts "may not serve as appellate tribunals to review

26 errors allegedly committed by state courts").

27       This doctrine is applicable herein, as plaintiff seeks to attack the decision of the superior

28 court as well as the judge herself, and bars the claim against the State Judicial Defendant.

State Jud. Deft's NOM; MTD; Memo. of Ps. & As.       Leinen, Henry v. Debra Crawford
      C 07-03274-JW

## IV

## PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE ONE-YEAR STATUTE OF LIMITATIONS

The two-year statute of limitations of California Code of Civil Procedure section 335.1 is applied in section 1983 actions in California. *Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 505 F.3d 860, 869 (9th Cir. 2007). The conduct of the State Judicial Defendant of which plaintiff complains, proceedings in Court and issuance of a restraining order, occurred more than two years prior to the filing of the amended complaint adding the judge as a defendant to this action. (See FAC, pp. 1-6).

Consequently, plaintiff's claim against the State Judicial Defendant is time-barred.

## CONCLUSION

For the foregoing reasons, the State Judicial Defendant respectfully requests that the motion to dismiss be granted with prejudice.

Dated: March 4, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California


  s/s Paul T. Hammerness
PAUL T. HAMMERNESS
Supervising Deputy Attorney General

Attorneys for State Judicial Defendant