Debra V. Crawford
PO Box 373
Carmel, CA 93921-0373
Phone: 831.624.2422
E-filing: ddvcrawford@earthlink.net

Defendant, *in pro se*

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

280 S. 1st Street, San Jose, CA 95101

| | |
|---|---|
| HENRY E. LEINEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEBRA V. CRAWFORD, ESQ.<br><br>　　　　　Defendant. | Case no. 07-CV-03274 HRL<br>(Assigned to Hon. Howard R. Lloyd, Magistrate Judge)<br>Complaint filed: June 21, 2007<br><br>**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT AS SLAPP SUIT PURSUANT TO CCP §425.16; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS**<br><br>[FRCP Rule 12(f)]<br><br>Date:　April 21, 2008<br>Time:　9:00 a.m.<br>Ctrm:　8 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2008, at 9:00 a.m., or as soon thereafter as the matter may be called in courtroom 2 of the above-entitled court, which is located at 280 S. 1st Street, San Jose, California, defendant Debra V. Crawford will bring on for hearing her special motion to strike the "amended complaint" (Doc 18) and dismiss the above-captioned action, in its entirety and with prejudice, pursuant to California *Code of Civil Procedure* section 425.16 and rule 12(f) of the *Federal Rules of Civil Procedure*.

The motion is brought on the grounds that the action arises from defendant's provision

MS425-16 FINAL 3-14 - TAN pos.wpd　　　　　　　　　　　　　　　- i -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)　　　　　　　　　07-CIV-03274

1  of legal services to plaintiff's former spouse in the dissolution of plaintiff's marriage. As such,
2  the action arises from acts in furtherance of the exercise of the right to petition the courts
3  under the United States and California constitutions. Further, the claim is time barred under
4  CCP §340.6 and defendant's alleged conduct is privileged under *Civil Code* section 47;
5  therefore, plaintiff cannot establish that there is a probability that he will prevail on the claim.
6  Accordingly, the amended complaint must be stricken and the action dismissed, with
7  prejudice.

8  PLEASE TAKE FURTHER NOTICE that at said time and place, defendant will ask
9  that the court order plaintiff to pay all of her attorney's fees incurred in the preparation of this
10 motion and any reply papers, estimated, at this writing, to be in the sum of $5,000.00.

11 The motion is based upon this notice, the attached memorandum of points and
12 authorities, declaration of Debra V. Crawford, and exhibits, the papers, pleadings and other
13 documents in the court's file for the matter, including the amended complaint (Doc 18) and
14 all exhibits thereto, and such further evidence and argument as may be elicited at the
15 hearing on the motion.

16 Dated: March 14, 2008

17                                                                    /s
                                                      Debra V. Crawford, defendant

MS425-16 FINAL 3-14 - TAN pos.wpd                - ii -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                              07-CIV-03274

1                              ***TABLE OF CONTENTS***

2    TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

3    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    1.       INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    2.       THE UNDERLYING PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6    3.       THIS CASE IS A STRATEGIC LAWSUIT AGAINST PUBLIC POLICY

7              BROUGHT TO RETALIATE AGAINST PLAINTIFF'S EX-WIFE'S LAWYER

8              AND, NOW, THE COURT THAT HEARD PROCEEDINGS IN THE DIVORCE.

9              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10           a.      Plaintiff's Addition of a "State Actor" Does Not Save His Case. . . . . . . . 6

11           b.      Defendant's Alleged Conduct Was Absolutely Privileged Under *Civil*

12                 *Code* section 47. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13           c.      The Action (Such as it Is) Is Time Barred under Ccp §340.6. . . . . . . . . . 9

14    4.       PLAINTIFF SHOULD BEAR ALL OF THE FINANCIAL RAMIFICATIONS OF

15              HIS PURSUIT OF THIS SLAPP SUIT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16    5.       CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17    DECLARATION OF DEBRA V. CRAWFORD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18    CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

19

20

21

22

23

24

25

26

27

28

1 | *TABLE OF AUTHORITIES*

2 | *Federal Cases*    *Page(s)*

3 | *Blevins v. Ford*
4 |     572 F.2d 1336 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
5 | *Dyer v. Rosenberg*
6 |     434 F.2d 648 (9th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
7 | *Szijarto v. Legeman*
8 |     466 F.2d 864 (9th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9 | *State Cases*

10 | *Braun v. Chronicle Publishing Co.*
11 |     52 Cal.App.4th 1036 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5
12 | *Briggs v. Eden*
13 |     19 Cal.4th 1106 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
14 | *Kajima Engineering & Construction, Inc. v. City of Los Angeles*
15 |     95 Cal.App.4th 921 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
16 | *Rusheen v. Cohen*
17 |     37 Cal.4th 1048 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
18 | *Silberg v. Anderson*
19 |     50 Cal.3d 205 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20 | *California Statutes*

21 | California *Civil Code* section 47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8
22 | California *Code of Civil Procedure* section 340.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
23 | California *Code of Civil Procedure* section 425.16 . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10

24
25
26
27
28

*MEMORANDUM OF POINTS AND AUTHORITIES*

**1.    INTRODUCTION**

On February 14, 2008, plaintiff filed his "amended complaint" (Doc 18), adding "state actor," the Hon. Susan M. Dauphine as a defendant in the instant action. Plaintiff seeks to hold defendant Debra V. Crawford (the attorney who represented plaintiff's ex-wife) and Judge Dauphine (the judge who presided over the marital dissolution) liable for damages which he claims he suffered as a result of the issuance of a temporary restraining order on behalf of plaintiff's ex-wife. Attached to his amended complaint ("AC"), plaintiff has provided the court with a copy of the Reporter's Transcript of the proceedings about which plaintiff complains (AC exhibit 2) and which demonstrates that nothing untoward, let alone actionable, occurred.

From the face of the complaint and amended complaint, this action arises from the furtherance of plaintiff's ex-wife's right to petition the courts for relief, i.e., for the dissolution of her marriage and the issuance of a temporary restraining order to help keep her safe after plaintiff began to act erratically and threatened her in retaliation for seeking the divorce. The action is a "SLAPP" suit, the complaint and amended complaint should be stricken, and the action dismissed, with prejudice. Moreover, plaintiff, rather than defendant, should bear the expense of the attorney's fees that defendant has incurred to prepare these moving and any reply papers.

**2.    THE UNDERLYING PROCEEDINGS**

As set forth more fully in the attached declaration, **exhibits "A"** and **"B,"** and AC exhibit 2, during the pendency of the underlying divorce case, Karen Shaffer Leinen began to fear for her own life and that the plaintiff (a longtime sufferer from depression) might take his own life. Ms. Leinin, through her counsel of record, defendant herein, submitted two declarations to the Monterey Superior Court in support of her request for a temporary restraining order to keep the plaintiff at a physical distance and from further contact and threats. The court issued a temporary restraining order.

On November 17, 2005, plaintiff appeared for proceedings in the superior court, at

MS425-16 FINAL 3-14 - TAN pos.wpd                - 1 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                07-CIV-03274

1 which time he was served with the restraining order, which (contrary to plaintiff's allegation) 2 was not "under seal" but enclosed, as is the custom, in a sealed envelope.  The court not 3 only invited plaintiff to open the envelope, but suggested that he do so.  (AC exhibit 2, p. 4 2:16-19.)

5 As the transcript also demonstrates, plaintiff was late for the hearing, the motions for 6 injunctive relief and spousal support were misplaced and the court indicated, before the 7 plaintiff arrived, that the court might have to continue the hearing.  (Exhibit 2, pp. 1:9-26, 8 2:21-24.)  After the plaintiff arrived, the court was handed a "stack of documents" which she 9 had not had a chance to review.  (Exhibit 2, pp. 2:28-3:2.)  The court went on:

```
          ". . . [W]hat I am going to suggest is that [Mr. Leinin]
          should have an opportunity to respond to the proof of
          service [on the TRO].  Is there a kick out order needed at
          this time?

          "MS. CRAWFORD: I don't think we need it right now.
          The one of the major issues is the harassment.  My client
          is a kindergarten teacher and she had to give her class to
          somebody else yesterday and showed up in my office
          unexpected in tears.  It's the e-mails and the phone
          calls.  If they stop that's going to solve a lot of the
          problems.

          "Also she received a e-mail yesterday that appears to
          be a suicidal note.  And so I think once that's a big
          concern, the possession of all the firearms, is a very big
          concern.  But we can address that at a further date.  So
          I don't think kick out order is needed at this point.

          "THE COURT: What I can do, Mr. Leinin, is just
          continue the temporary orders that were put into effect on
          a temporary basis, that's the basic restraining order and
```

MS425-16 FINAL 3-14 - TAN pos.wpd    - 2 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)    07-CIV-03274

1   stay away order –

2   "MR. LEININ: Can I respond to this?

3   "THE COURT: – mutual property restraints, and then
4   put this over for until the 1st of December, reissue it
5   until that date, with a temporary orders remaining in
6   effect ***so that you can file written response. . .***

7   [¶¶]

8   "MR. LEININ: Your Honor, can I have present a
9   document to you?

10  "THE COURT: At this point, sir, I wouldn't be able to
11  read it in court.  You need to file things and I don't
12  mean to be rude.  But for everybody's sake, you can
13  certainly go out to the clerk and file it and then I would
14  be happy to consider it.  But what I am suggesting,
15  because you just been served today, is that we put the
16  matter over . . .

17  "***If you needed the services of a prop per***
18  ***legal adviser, I can put it over to the 8th so***
19  ***that we would have that person inc court . . .***
20  ***You may want to get legal representation for***
21  ***yourself before then. I would encourage you to***
22  ***do that. You are entitled to do that as I'm sure***
23  ***you are aware. All right? And then you can file***
24  ***anything that you believe the court should***
25  ***consider.*** I would ask that anything be filed in
26  response no later than December 2nd, 2005. . ." [Emphasis
27  added.]  (AC exhibit 2, pp. 3:12-23.)

28  In short, the very record upon which plaintiff bases this action demonstrates that

MS425-16 FINAL 3-14 - TAN pos.wpd                          - 3 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                          07-CIV-03274

plaintiff's ex-wife had good cause to seek issuance of a restraining order (see, also, **exhibits "A"** and **"B"**); the court invited plaintiff to file whatever response he deemed appropriate to the TRO and strongly recommended that he retain counsel. In fact, to ensure that plaintiff had his day in court and access to legal advice, the defendant asked and the court scheduled the next hearing for a date on which an independent attorney (rather than the defendant herself) would be available as "pro per adviser" to advise plaintiff during the proceeding. (AC exhibit 2, pp. 4:17-23, 5:7-9.) The record demonstrates that the court made every effort to protect, rather than deny, plaintiff his rights as a litigant.

**3. THIS CASE IS A STRATEGIC LAWSUIT AGAINST PUBLIC POLICY BROUGHT TO RETALIATE AGAINST PLAINTIFF'S EX-WIFE'S LAWYER AND, NOW, THE COURT THAT HEARD PROCEEDINGS IN THE DIVORCE.**

"The anti-SLAPP statute is designed to nip SLAPP litigation in the bud by striking offending causes of action." *Braun v. Chronicle Publishing Co.*, 52 Cal.App.4th 1036, 1043 (1997). CCP §425.16 (or the anti-SLAPP statute) provides in relevant part:

> "(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.
>
> "**(b) (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.**
>
> "(2) In making its determination, the court shall consider the pleadings,

MS425-16 FINAL 3-14 - TAN pos.wpd   - 4 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)   07-CIV-03274

and supporting and opposing affidavits stating the facts upon which the liability or defense is based." [Emphasis added.]

In *Briggs v. Eden,* 19 Cal.4th 1106 (1999), the California Supreme Court examined the language of section 425.16 and determined that section 426.15 expressly makes **any** cause of action subject to a special motion to strike, if the cause of action arises from an act in furtherance of defendant's right to petition or free speech. *Id* at 1114. The statement need not be "in connection with a public issue" in order to be subject to a special motion to strike. *Id.* Therefore, the defendant's only burden is to show that the suit fits within the confines of the statute:

> "'The defendant pursuing an anti-SLAPP motion must make an initial prima facie showing that plaintiff's suit arises from an act in furtherance of defendant's right of petition or free speech.' (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 820 [33 Cal.Rptr.2d 446].) A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Braun v. Chronicle Publishing Co., supra,* at 1043-44.

CCP §425.16 specifically applies to any "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."[1] This is a retaliatory action, without merit, against an attorney who was following her professional and ethical obligations to protect and advocate for the rights of her client, plaintiff's ex-wife, against her client's adversary, the plaintiff. Accordingly, the burden shifts to plaintiff to show this court that there is a probability that plaintiff will prevail against this defendant. (CCP §425.16(b). See, also, *Kajima Engineering & Construction, Inc. v. City of Los Angeles,* 95 Cal.App.4th 921, 928 (2002).) To carry his burden, plaintiff mus "'show the complaint is legally sufficient and 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" (*Rusheen v. Cohen,* 37 Cal.4th 1048, 1056 (2006).)

---

[1] CCP §425.16(e).

MS425-16 FINAL 3-14 - TAN pos.wpd                                            - 5 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                                07-CIV-03274

1  As set forth more fully below, even if plaintiff could show the court that his complaint is
2  "legally sufficient" and he has raised a federal question to properly invoke the jurisdiction of
3  this court, he cannot show a probability that he will prevail because the claim is time barred
4  and the conduct was privileged.  Accordingly, the complaint and amended complaint should
5  be stricken and the action dismissed, with prejudice.

6       **a.**      **Plaintiff's Addition of a "State Actor" Does Not Save His**
7               **Case.**

8  On March 4, 2008, co-defendant, State Judicial Defendant, Judge Susan Dauphine,
9  filed her own motion to dismiss the instant action on grounds of judicial immunity, the
10 Eleventh Amendment, lack of jurisdiction, and the applicable statute of limitations. (Doc 26.)
11 When and if the action be dismissed as to Judge Dauphine, then plaintiff has no viable
12 §1983 claim since the only remaining defendant (the moving party) acted as a private as a
13 private citizen in the course of representing plaintiff's adversary in a marital dissolution
14 action.  Under the case law, *even if defendant had been plaintiff's own privately retained*
15 *attorney*, no state action would arise from which defendant could sue under §1983.  (See,
16 *Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir. 1978) ("An attorney's representation of a
17 criminal defendant is not state action or official conduct"), citing *Szijarto v. Legeman,* 466
18 F.2d 864 (9th Cir. 1972) (plaintiff's professional negligence claim against the attorney who
19 defended him in a criminal action did not constitute a claim arising from an action under color
20 of law), and *Dyer v. Rosenberg*, 434 F.2d 648 (9th Cir. 1970) (failure of criminal defense
21 attorney to file an appellant's opening brief did not give rise to §1983 claim).  Lacking a "state
22 actor," plaintiff cannot demonstrate to this court that he has a "legally sufficient" complaint.

23       **b.**      **Defendant's Alleged Conduct Was Absolutely   Privileged**
24               **Under *Civil Code* section 47.**

25  The other stumbling block to plaintiff's ability to state a claim for relief is that his action
26 arises from defendant's conduct in advocating for her client – plaintiff's adversary – in a court
27 proceeding.  Accordingly, defendant's conduct falls under section 47 of the California *Civil*
28 *Code* which provides, in pertinent part:

MS425-16 FINAL 3-14 - TAN pos.wpd     - 6 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)    07-CIV-03274

1         "A privileged publication or broadcast is one made:

2         "(a)    In the proper discharge of an official duty.

3         "(b)    In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows:

        "(1)    An allegation or averment contained in any pleading or affidavit filed in an action for marital dissolution or legal separation **made of or concerning a person by or against whom no affirmative relief is prayed**[2] in the action shall not be a privileged publication or broadcast as to the person making the allegation or averment within the meaning of this section unless the pleading is verified or affidavit sworn to, and is made without malice, by one having reasonable and probable cause for believing the truth of the allegation or averment and unless the allegation or averment is material and relevant to the issues in the action."

From the face of the "amended complaint" (Doc 18), plaintiff has acknowledged that defendant's conduct would be privileged under section 47. At ¶10, p. 517-19, plaintiff attempts to plead around the litigation privilege by alleging that the defense "is specifically prohibited as codified at California Civil Code § 47(b)(1)." Plaintiff seems to have misread subsection (1) or misplaced his reliance on that exception. Plaintiff, after all, is not a disinterested third party; to the contrary, plaintiff was the *other* party in the litigation.

The litigation privilege was addressed in the context of a marital dissolution in *Silberg v. Anderson* 50 Cal.3d 205 (1990). Silberg, unhappy with the result of his divorce, not only sued his own lawyer, but his ex-wife's lawyer, Anderson, as well. Silberg alleged that Anderson had misrepresented that the professional who performed psychological evaluations of the family and recommended custody was "independent and neutral," that the

---

[2] Before "no fault" divorce, this provision was referred to as the "correspondent" clause.

MS425-16 FINAL 3-14 - TAN pos.wpd      - 7 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)      07-CIV-03274

1 attorney and psychologist had some kind of "preexisting relationship," and that the attorney
2 used that relationship to unduly influence the psychologist's report, which, Silberg alleged,
3 was "'was biased, wholly inaccurate and defamatory.'" (*Silberg*, p. 210.)  Silberg sought to
4 hold his ex-wife's lawyer liable for defamation, negligence, and infliction of emotional
5 distress.  The trial court sustained the attorney's demurrer without leave to amend, finding
6 that Silberg had stated no cause of action.  The Court of Appeal reversed and the attorney
7 petitioned the California Supreme Court for review.

8 The California Supreme Court reviewed the prior case law interpreting §47 and the
9 policy considerations it serves, e.g., to "afford . . . utmost freedom of access to the courts,"
10 to promote judicial efficiency "by encouraging . . . 'open channels of communication and the
11 presentation of evidence'" in judicial proceedings, to "assure utmost freedom of
12 communication between citizens and public authorities whose responsibility is to investigate
13 and remedy wrongdoing," and to avoid the destructive and chilling "external threat of
14 liability"for communications made during all kinds of truth-seeking proceedings:  judicial,
15 quasi-judicial, legislative and other official proceedings." (*Silberg*, p. 213.)  To serve those
16 purposes, the litigation must be, and is, absolute in nature.

17 The California Supreme Court concluded by analyzing whether §47 should apply:
18 "[D]efendant's statements furthered the objects of the litigation and fall within
19 the scope of the litigation privilege. The statements were made in the context
20 of a judicial proceeding, were logically related to the action, played an integral
21 role in the proceeding, and were made by one of the participants about an
22 authorized participant. The privilege of *section 47(2)* plainly applies." (*Silberg*,
23 p. 220.)

24 There is nothing in this amended complaint that can be distinguished from the
25 allegations in *Silberg.*  The TRO (and any statements made to obtain it) were in the context
26 of the marital dissolution, were logically related to the action, were integral (to protect
27 defendant's client) and were made by a participant (defendant) regarding another participant
28 (plaintiff).  Accordingly, plaintiff cannot demonstrate that he has a probability of prevailing

MS425-16 FINAL 3-14 - TAN pos.wpd                                          - 8 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

against this defendant.

### c.   The Action (Such as it Is) Is Time Barred under CCP §340.6.

The statute of limitations for claims against attorneys is set forth in California *Code of Civil Procedure* section 340.6, and provides:

> "An action against an attorney for a wrongful act or omission, other than for actual fraud, **arising in the performance of professional services shall be commenced within one year** after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission . . ." [Emphasis added.]

This action unquestionably arises from defendant's performance of professional services.  Plaintiff alleges, among other things that, "[a]t all times Defendant has held herself out to be competent in the area of family law which is her exclusive specialty."  (Doc 18, pp. 3:28-4:2.)

The face of the amended complaint repeatedly identifies November 17, 2005, as the date not only of the hearing from which this action arises but the date on which plaintiff admits to having learned of – and attempted to oppose – the issuance of the underlying restraining order.  (See Doc 18, ¶¶ 1-2, 9, 10.)  It was at the November 17, 2005, hearing that the plaintiff was served with the restraining order, that plaintiff asked the court to be heard regarding the restraining order, that reference was made to what plaintiff refers to as a "suicide note," and that the court ordered that the restraining order remain in effect until the next hearing.  (Doc 18, exhibit 2.)

Furthermore, plaintiff complains of the "'seizure' of [his] ability to obtain employment when he applied for work with the County of Monterey California as a Park Ranger," which, he alleges was caused by defendant's alleged negligence and plaintiff's professed ignorance of the issuance of the restraining order.  (Doc 18, p. 4:4-11.)

Accordingly, from the face of the amended complaint, no later than November 17, 2005, plaintiff's alleged ability to obtain employment had been "seized" and plaintiff knew of the existence of the previously issued restraining order and defendant's identity as his wife's

MS425-16 FINAL 3-14 - TAN pos.wpd  - 9 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)     07-CIV-03274

1  attorney who advocated, among other things, for renewal of that restraining order.

2  In other words, from the face of Doc 18 and exhibit 2 thereto, plaintiff knew all of the
3  facts upon which this action is based by November 17, 2005, and had suffered the actual
4  damage that he alleges occurred as a result of the issuance of the restraining order.  The
5  statute ran on November 17, 2006; plaintiff waited until June 21, 200**7**, to file this case.

6  Accordingly, the action is time barred as to this defendant.

7  **4.     PLAINTIFF SHOULD BEAR ALL OF THE FINANCIAL RAMIFICATIONS OF**
8  **HIS PURSUIT OF THIS SLAPP SUIT.**

9  Section 425.16(c) also provides that a defendant prevailing on a special motion "shall
10 be entitled to recover . . . her attorney's fees and costs."  As set forth in the attached
11 declaration of defendant Debra V. Crawford, she has retained outside counsel to assist her
12 with the preparation of these moving and any reply papers.  It is estimated that, over and
13 above the value of her own time defending herself, she will incur up to $5,000.00 in
14 attorney's fees seeking dismissal by this special motion to strike.

15 Accordingly, defendant is entitled to recover her attorney's fees from plaintiff for his
16 decision to pursue this action.

17 **5.     CONCLUSION**

18 Based on the foregoing, it is respectfully submitted that the motion should be granted,
19 plaintiff should be ordered to pay all of defendant's attorney's fees, and the action should be
20 dismissed, with prejudice.

21 Dated:  March 14, 2008

22                                                                   /s                    
                                              Debra V. Crawford, defendant
23
24
25
26
27
28

MS425-16 FINAL 3-14 - TAN pos.wpd                                  - 10 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

### *DECLARATION OF DEBRA V. CRAWFORD*

I, Debra V. Crawford, declare:

1. I am an active member of the State Bar of California and I am a named defendant in the instant action of *Leinen v. Crawford*, USDC case no. 07-CV-03274 HRL. I am familiar with the facts set forth herein and I would so testify, under oath, if called upon. I am making this declaration in support of my special motion to strike and dismiss this action pursuant to FRCP rule 12(f) and CCP §425.16 on the grounds that this action is a Strategic Lawsuit Against Public Policy, aka "SLAPP suit."

2. I represented the plaintiff's ex-wife, Karen Shaffer Leinen, in their marital dissolution action, in the California Superior Court for the County of Monterey.

3. As the reporter's transcript that is attached as exhibit 2 to the amended complaint and the exhibits attached hereto disclose, in late 2005, during the pendency of the dissolution case, plaintiff was acting erratically and Ms. Leinen became fearful for her own safety. On October 11, 2005, on her behalf, I filed a request for issuance of a temporary restraining order against the plaintiff. A true and correct copy of the request for order, with attachments, is attached hereto as **exhibit "A."** As set forth in the supplemental declaration that is a part of **exhibit "A,"** at the time,

> "[P]laintiff had "many firearms in his possession, including an assault rifle, and a shortened shotgun. When I moved his items into the garage to make the house show better. . . his first comment was 'where's the key to my gun safe?' . . . He has full access to his guns. It scares me especially since his behavior and aggression is escalating." (**Exhibit "A,"** Supplemental declaration, ¶3, pp. 1:27-2:4.)

4. On October 14, 2005, the supplemental declaration of Karen Shaffer Leinin in support of TRO was filed in the marital dissolution action. A true and correct copy of the supplemental declaration is attached hereto as **exhibit "B."** In the supplemental declaration, Ms. Leinin averred,

MS425-16 FINAL 3-14 - TAN pos.wpd                          - 11 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

> "2.  . . . I believe he asked the pointed question about where the key to his guns was as a threat. . . I believe that this was a threat to either harm me or himself.  He admits his medical condition of depression.  (See attached portions of Respondent's statement to the U.S. Government in support of his disability retirement claim wherein he admits his drug usage and insomnia - dated 4/15/05.)
>
> "3. . . . [On] September 29, 2005, [when] I did not want to go to dinner with him[,] [h]e then asked me about the gun safe key again, 'Where's the key to my gun safe?'  It was the exact same wording as before.  It scared me.  The usage of the precise wording scares me.  He can say it was a mere question but the precise wording is odd.  Thinking of the way he says it gives me pure dread and I have a physical reaction – my stomach hurts and my hands start to shake.  HE KNOWS WHERE THE KEY TO THE GUN CASE IS. . . .  The only reason to ask me is to show me that he can access the gun safe. . . .
>
> [¶]
>
> "5.  Another example of Respondent's veiled threats is earlier this year when he sent a copy of his revised Will to both of our children after I told him I was pursuing the divorce action.  My daughter was hysterical and asked if that meant that Daddy was killing himself."

5. Attached to the supplemental declaration is a claim for compensation, bearing the date April 21, 2005, by the plaintiff; the "nature of disease or illness" is "Depression," which, according to plaintiff, he has suffered since 1973.  The excerpts also describe the plaintiff's use of medications as sleeping aids.

6. I retained the services of an attorney who has 15 years of experience in legal

MS425-16 FINAL 3-14 - TAN pos.wpd — - 12 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)   07-CIV-03274

1 malpractice defense to assist me with the preparation of this motion and any reply papers.
2 I have been given a reduced billing rate of $200.00/hour. It is my understanding that the
3 preparation of these moving papers took 12 hours, for which I will be billed, and it is
4 estimated that it will take an additional 5-13 hours to prepare the reply, for a total of up to
5 $5,000.00.

6      I declare under penalty of perjury that the foregoing is true and correct and is based
7 upon my personal knowledge and that I executed this declaration on March 14, 2008, at
8 Carmel, California.

/s<br>Debra V. Crawford

MS425-16 FINAL 3-14 - TAN pos.wpd  - 13 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)   07-CIV-03274

**CERTIFICATE OF SERVICE**

On March 14, 2008, this paper was served via the Court's ECF system on the counsel of record listed below:

**Counsel for Defendant Judge Susan M. Dauphine**
**EDMUND G. BROWN**
**Attorney General of the State of CaliforniaDATED:  March 14, 2008**
**PAUL T. HAMMERNESS, ESQ.**
**455 GOLDEN GATE AV STE 11000**
**SAN FRANCISCO CA 94102-7004**
**Phone:        1.415.703.5520**
*Fax:*    *1.415.703.5480*
**Email:  Paul.Hammerness@doj.ca.gov**

 **/s/**
**Debra V. Crawford**

MS425-16 FINAL 3-14 - TAN pos.wpd                           - 14 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)                    07-CIV-03274

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and am not a party to the within action; my business address is Suite 100, 23801 Calabasas Road, Calabasas, California 91302.

On the date hereinbelow specified, I served the foregoing document, described as set forth below, on the interested parties in this action by the following method(s):

Date of Service:     March 14, 2008

Document Served:  **NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT AS SLAPP SUIT PURSUANT TO CCP §425.16; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION; EXHIBITS**

Counsel Served:

| **Plaintiff, *in pro se*** | **Judicial Council (CCP §425.16(j)** |
|---|---|
| HENRY E LEININ | JUDICIAL COUNCIL OF CALIFORNIA |
| PO BOX 33 | 455 GOLDEN GATE AV 7TH FL |
| PACIFIC GROVE CA 93950-0289 | SAN FRANCISCO CA 94102 |
| 831.655.1948 | |
| *HLEINEN@AOL.com* | |

[x]  **(BY REGULAR MAIL)** I placed true copies thereof, enclosed in sealed envelopes, addressed to each person on whom it is to be served, at the office address as last given by that person on any document filed in the cause, and I placed such envelope(s) with first class postage thereon fully prepaid in the United States mail at West Hills, California.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at Calabasas, California on March 14, 2008.

/s
Tracy A. Naegele

MS425-16 FINAL 3-14 - TAN pos.wpd   - 15 -
**MOTION TO STRIKE AMENDED COMPLAINT AND DISMISS ACTION**
(FRCP rule 12(f) and CCP §425.16)   07-CIV-03274