EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS, State Bar No. 90294
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5520
 Fax:  (415) 703-5480
 Email:  Paul.Hammerness@doj.ca.gov

Attorneys for State Judicial Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO  DIVISION

| | |
|---|---|
| HENRY E. LEINEN,<br><br>                              Plaintiff,<br><br>     v.<br><br>DEBRA CRAWFORD, et al.,<br><br>                              Defendants. | **Case No.  C 07-03274-JW**<br><br>**STATE JUDICIAL DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:  April 21, 2008**<br>**Time:  9:00 a.m.**<br>**Courtroom:  8 (4th Floor)**<br>**Judge:  Honorable James Ware** |

   COMES NOW the State Judicial Defendant and files the following memorandum of points and authorities in reply to plaintiff's opposition to her motion to dismiss this action.

Dated: March 20, 2008.

                      Respectfully submitted,

                      EDMUND G. BROWN JR.
                      Attorney General of the State of California


                      <u>s/s/ Paul T. Hammerness          </u>
                      PAUL T. HAMMERNESS
                      Supervising Deputy Attorney General

                      Attorneys for State Judicial Defendant

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

In his opposition to the State Judicial Defendant's motion to dismiss, plaintiff Leinen fails to provide any pertinent legal to support his position. Indeed, he provides no argument or authority at all in opposition to moving defendant's Rooker-Feldman and statute of limitations contentions - thus waiving any opposition thereto and effectively consenting to the granting of the motion on those grounds.

Consequently, for the reasons set out in the State Judicial Defendant's moving papers, as supplemented by this reply, the motion to dismiss should be granted.

**ARGUMENT**

**I**

**ABSOLUTE JUDICIAL IMMUNITY BARS ALL CLAIMS AGAINST STATE JUDICIAL OFFICIALS, IRRESPECTIVE OF THE KIND OF RELIEF SOUGHT**

Plaintiff maintains that absolute judicial immunity does not bar his claims for declaratory or equitable relief. (Opp. to Motion to Dismiss, at pp. 1-2). He is mistaken.

The Ninth Circuit's decision in *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) is squarely on point. In *Mullis*, the Ninth Circuit stated that "when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial immunity from damages, that immunity also will bar declaratory and injunctive relief." *Id*. at 1394.

Plaintiff cites *Ex Parte Young*, 209 U.S. 123 (1908) for the proposition that that decision abrogates the State Judicial Defendant's absolute judicial immunity. He is again in error - the *Ex Parte Young* exemption only effects a state official's immunity under the Eleventh Amendment, not his or her judicial immunity. 209 U.S. at 156. Even for Eleventh Amendment purposes, however, the *Ex Parte Young* exception to immunity is applicable only where a state official's alleged violations are ongoing and continuous, not just a one-time past violation. *Papasan v. Allain*, 478 U.S.2 65 277-78 (1985).

Given the allegations of plaintiff's complaint, which clearly avers that Judge Dauphine was

acting in her judicial capacity when she issued the restraining order against plaintiff, absolute immunity applies to bar this action as to the State Judicial Defendant.

## II

### THE ROOKER-FELDMAN DOCTRINE AND THE APPLICABLE STATUTE OF LIMITATIONS BAR THIS ACTION

Plaintiff makes no formal argument and cites no authority in opposition to the State Judicial Defendant's motion seeking dismissal under the Rooker-Feldman doctrine and on statute of limitations grounds. Plaintiff has waived any opposition to the motion to dismiss on those grounds, and has impliedly consented to dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of unopposed motion to dismiss by deeming pro per's failure to oppose motion to dismiss as consent to granting motion); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (treating pro se litigants in the civil context no more favorably than parties with attorneys of record and refusing to require trial court to intervene even when a party's failure to oppose a motion would be fatal).

Dismissal on these grounds is clearly warranted, given that the gravamen of the complaint is an attempt to overturn a 2005 State court restraining order. (See authorities in moving papers).

## CONCLUSION

For the reasons discussed above, and as set forth in the moving papers, the State Judicial Defendant respectfully requests that the motion to dismiss be GRANTED.

Dated: March 20, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

s/s/ Paul T. Hammerness
PAUL T. HAMMERNESS
Supervising Deputy Attorney General

Attorneys for State Judicial Defendant