IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Henry Leinen, | NO. C 07-03274 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT DAUPHINE'S MOTION TO DISMISS WITH PREJUDICE; AND DISMISSING THE COMPLAINT AGAINST DEFENDANT CRAWFORD FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND** |
| v. | |
| Debra Crawford, et al., | |
| Defendants. | |

## I. INTRODUCTION

Henry E. Leinen ("Plaintiff"), in *pro per*, brings this action against Debra V. Crawford and the Honorable Susan M. Dauphine (collectively, "Defendants") alleging, *inter alia*, violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants denied him due process during state divorce proceedings.

Presently before the Court are Defendant Dauphine's Motion to Dismiss and Defendant Crawford's Motion to Strike as SLAPP Suit.[1] The Court conducted a hearing on April 21, 2008. Based on the papers submitted to date and oral arguments at the hearing, the Court GRANTS Defendant Dauphine's Motion to Dismiss and DISMISSES the Complaint against Defendant Crawford for failure to state a claim.

---

[1] (State Judicial Defendant's Notice of Motion and Motion to Dismiss, Memorandum of Points and Authorities in Support Thereof, hereafter, "Dauphine Motion," Docket Item No. 26; Notice of Motion and Special Motion to Strike First Amended Complaint as SLAPP Suit Pursuant to CCP § 425.16, hereafter, "Crawford Motion," Docket Item No. 29.)

## II. BACKGROUND

In an Amended Complaint[2] filed on February 14, 2008, Plaintiff alleges as follows:

Plaintiff is a federal law enforcement officer residing in California.[3] Defendant Crawford is an attorney who represented Plaintiff's former wife in his marital dissolution proceeding. (Id. ¶¶ 1, 6.) Defendant Dauphine is a California Superior Court judge who presided over the dissolution proceeding. (Id., Ex. 2-A.)

On November 17, 2005, Plaintiff appeared, in *pro per*, for a hearing before Judge Dauphine on whether to lift an *ex parte* temporary restraining order ("TRO") against Plaintiff. (Id. ¶ 1.) Plaintiff was not served with the TRO until the morning of the hearing. (Id. ¶¶ 1, 6.)

During the hearing, Crawford represented to the court that Plaintiff had sent a suicide note to his wife; Judge Dauphine did not allow Plaintiff to submit any documents or speak in his defense. (Id. ¶ 10.) The TRO was kept in effect and renewed at least twice after the hearing without any proper notice served on Plaintiff. (Id. ¶ 8.)

As a result of the TRO, Plaintiff's weapons were taken from him and his name was reported to the National Crime Information Center. Further, Plaintiff was unable to secure employment in the field of law enforcement for 12 weeks. (Id. ¶¶ 4-7.)

On the basis of the allegations outlined above, Plaintiff alleges what appears to be two causes of action:[4] "Defendant's negligent failure to give proper notice to Plaintiff violated California Code of Civil Procedure as well as Plaintiff's Constitutional Rights under the Fifth Amendment's

---

[2] The original complaint was filed on June 21, 2007 and alleged a cause of action against Defendant Crawford only. Defendant Crawford moved to dismiss the complaint. (See Docket Item No. 12.) Plaintiff then filed an Amended Complaint adding Defendant Dauphine.

[3] (Amended Complaint ¶ 8, hereafter, "FAC," Docket Item No. 18.)

[4] The Amended Complaint does not clearly enumerate any causes of action. However, in light of Plaintiff's *pro se* status, the Court liberally construes the Amended Complaint to assert claims supported by the facts alleged.

2

unlawful seizure language and as annotated at 28 U.S.C. Appendix Rule 4(e) and the Fourteenth Amendment's due process language as codified at 42 U.S.C. § 1983." (Complaint ¶ 9.)

Presently before the Court are Defendant Dauphine's motion to dismiss and Defendant Crawford's motion to strike as SLAPP suit. Since the adequacy of Plaintiff's § 1983 claim against Defendant Crawford may be dispositive, the Court proceeds to address only this aspect of Defendant Crawford's motion.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

**A.  Defendant Dauphine's Motion to Dismiss**

Defendant Dauphine moves to dismiss on the ground that Plaintiff's claim against her is barred by absolute judicial immunity. (Dauphine Motion at 4.)

3

1    Judicial immunity bars suits against judges for alleged errors in the discharge of their duties.
2 Stump v. Sparkman, 435 U.S. 349, 356 (1978). The doctrine stems from the principle that a judicial
3 officer should "be free to act upon his own convictions, without apprehension of personal
4 consequences to himself." Bradley v. Fisher, 80 U.S. 335, 347 (1872); O'Neil v. City of Lake
5 Oswego, 642 F.2d 367, 369 (9th Cir. 1981). The Supreme Court has established a two part test for
6 determining when a judge is protected by absolute immunity. Stump, 435 U.S. at 356  First, the
7 court must determine whether the judge performed a judicial act. Id. at 362. To determine whether
8 a particular act is "judicial," the court must consider whether the act is a function normally
9 performed by a judge and whether the parties were dealing with the judge in her judicial capacity.
10 Id. Second, the court must determine whether the judge was acting without jurisdiction. Id. "A
11 judge will not be deprived of immunity because the action he took was in error, was done
12 maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has
13 acted in the 'clear absence of all jurisdiction.'" Id. at 356-357. Judicial immunity is applicable to §
14 1983 suits. O'Neil, 642 F.2d at 368 n.3.

15    In this case, Plaintiff alleges that Defendant Dauphine failed to observe proper procedure
16 during a hearing on a TRO issued in connection with his marital dissolution proceeding. (Complaint
17 ¶ 10.) Under Stump, Judge Dauphine is entitled to absolute judicial immunity if these actions were
18 taken in her judicial capacity and if the actions were within her jurisdiction. Judge Dauphine clearly
19 acted in her judicial capacity because conducting hearings and issuing TROs are functions normally
20 performed by judges. Specifically, Judge Dauphine acted within her jurisdiction because she is
21 expressly authorized to issue a TRO in a domestic dispute. See Cal. Fam. Code § 6320. Thus,
22 Judge Dauphine is entitled to absolute judicial immunity for the actions alleged in the Complaint.
23 Accordingly, the Court GRANTS Judge Dauphine's motion to dismiss with prejudice.
24 //

**B.      Defendant Crawford's Motion to Strike as SLAPP Suit**

Defendant Crawford moves to strike the Complaint under California's Anti-SLAPP statute. (Crawford Motion at 1.) Defendant Crawford also contends, *inter alia*, that Plaintiff's § 1983 claim fails as a matter of law because she is not a state actor. (Id. at 6.)

To properly allege a claim under § 1983, a plaintiff must allege that a defendant is a state actor and that a right secured by either federal law or the United States Constitution has been violated by that state actor. See 42 U.S.C. § 1983; Ball v. Rodgers, 492 F.3d 1094, 1103 (9th Cir. 2007) (discussing Maine v. Thiboutot, 448 U.S. 1, 4 (1980)); Crumptom v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The threshold question in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable to the government." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999). Conduct by a private party is presumptively not government action. Id. Further, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor" to state action. Dennis v. Sparks, 449 U.S. 24, 28 (1980).

In this case, Plaintiff alleges that Defendant Crawford violated his constitutional rights by improperly serving him with the TRO and misrepresenting facts to the judge during a state court proceeding. (FAC ¶ 10.) The transcript of the state court hearing indicates that Defendant Crawford was acting in her capacity as a private attorney for a private client. (See FAC, Ex. 2.) The Complaint does not allege that Defendant Crawford was acting on behalf of the state or in any governmental capacity. Plaintiff's opposition also fails to address this issue. (See Plaintiff's Opposition to Motion to Strike, Docket Item No. 30.) Without such allegations, Plaintiff cannot state a claim against Defendant Crawford under § 1983.[5] Accordingly, the Court DISMISSES Plaintiff's Complaint against Defendant Crawford for failure to state a claim.

---

[5] Since the Court dismisses the claims against Defendant Crawford for failure to state a claim, it does not consider Defendant Crawford's request for attorney fees under the Anti-SLAPP statute. (See Crawford Motion at 10.)

5

The Court considers whether amendment with respect to Defendant Crawford would cure the missing element of Plaintiff's § 1983 claim.  When amendment would be futile, leave to amend need not be granted.  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002).  Here, given the allegations in the Complaint which clearly show Defendant Crawford was not a state actor, the Court finds that the deficiencies of Plaintiff's § 1983 claim cannot be cured by amendment.

## V.  CONCLUSION

The Court GRANTS Defendant Dauphine's Motion to Dismiss with prejudice.  The Court DISMISSES Plaintiff's Complaint against Defendant Crawford for failure to state a claim without leave to amend.  Defendant Crawford's motion to strike is DENIED as moot.

Dated:  May 23, 2008

JAMES WARE  
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Debra Vaniman Crawford ddvcrawford@earthlink.net
Paul T. Hammerness paul.hammerness@doj.ca.gov

Henry E. Leinen
P.O. Box EE
Pacific Grove, CA 93950-0289


Dated: May 23, 2008                                    Richard W. Wieking, Clerk


                                                          By:  /s/ JW Chambers
                                                               Elizabeth Garcia
                                                                Courtroom Deputy

**United States District Court**
For the Northern District of California